IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DANIEL GEORGE CORRING

VS.                                                                        CIVIL ACTION NO. 2:13cv29-KS-MTP

CHRISTOPHER EPPS, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE, ETC.

This cause is before the Court on Motion to Dismiss [37] filed by Defendants Christopher Epps, Jarita Bivens, Hubert Davis, Johnnie Denmark, Ronald King, and E.L. Sparkman. Defendant Dr. Parveen Kumar joined in the Motion to Dismiss [40]. Magistrate Judge Michael T. Parker has filed a Report and Recommendation [44] and Plaintiff has objected to the Report and Recommendation [46]. The Court has considered the above pleadings, as well as other matters pending in the case, applicable law, etc., and finds that the Motion to Dismiss [37] should be **granted** and that this case be dismissed without prejudice. The Court further finds that the Motion for Relief From Retaliation [33] and Motion for Emergency Injunctive Relief [34] should be **denied**. The Court's rulings are based on the following reasons:

1. FACTUAL BACKGROUND

On February 13, 2013, Plaintiff Daniel George Corring, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, and his claims arose while he was a post-conviction inmate at SMCI. Plaintiff alleges that Defendants

failed to protect him from harm at the hands of fellow inmates in violation of his constitutional rights. Pending before this Court are Plaintiff's Motion for Relief from Retaliation, Plaintiff's Motion for Emergency Injunctive Relief, and Defendants' Motion to Dismiss for Failure to Exhaust Available Administrative Remedies.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In the Objections listed by Plaintiff, he goes through a litany of irrelevant statements and also makes scurrilous comments about the Court and judges. Plaintiff is cautioned that such comments are improper. The issue for judges in ruling on cases is what are the facts and law. Plaintiff makes no comment or points to no error in Judge Parker's analysis or faithfulness to following applicable statutory and case law.

This Court finds that the Objection is irrelevant to the issues before this Court and that the Objections lack merit.  It is clear from the pleadings and admitted by the Plaintiff that he did not exhaust his remedies, which is a clear requirement of the statute and U.S. Supreme Court precedent.  Therefore, this Court finds that the petition should be dismissed.  If the petition is dismissed, the pending motions, likewise, should be dismissed.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Daniel Corring's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Daniel George Corrings' complaint is **dismissed without prejudice**. The pending Motions for Relief From Retaliation and Emergency Injunctive Relief are denied as moot.

SO ORDERED this, the 27th day of November, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE